UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                        CIVIL ACTION NO.  2:18-cv-00519

ONE 2005 CADILLAC ESCALADE
SPORTS UTILITY VEHICLE,

        Defendant.

(Janice Roberts)

## VERIFIED COMPLAINT OF FORFEITURE

Comes now the United States of America, by and through its attorneys, Michael B. Stuart, United States Attorney for the Southern District of West Virginia, and Eric P. Bacaj, Assistant United States Attorney for the Southern District of West Virginia, and respectfully states as follows:

## NATURE OF THE ACTION

1.  This is a civil action *in rem* brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983(a), to enforce the provisions of 21 U.S.C. § 881(a)(6), for the forfeiture of the defendant property on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, or

1

constitutes proceeds traceable to such an exchange, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## THE DEFENDANT IN REM

2.   The defendant property is more particularly identified as one 2005 Cadillac Escalade, silver in color, VIN 1GYEK63N15R226815 (CATS No. 18-DEA-635945), which was seized on or about October 20, 2017, from the possession of Janice Roberts at 47 Earley Drive, Charleston, West Virginia. The defendant property is registered with the West Virginia Division of Motor Vehicles in the name of Janice & Leonard Roberts II, 5151 Crystal Drive, Cross Lanes, West Virginia, 25313.

3.   The vehicle presently has a National Automobile Dealers Association clean trade-in value of $5,400.   There are no liens of record against the vehicle.

4.   The vehicle is in the custody of the U.S. Marshal Service at America's Auto Auction, 55 E. Buffalo Church Road, Washington, Pennsylvania.

## JURISDICTION AND VENUE

5.   Plaintiff, United States of America, brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture

under 28 U.S.C. § 1355(a).

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

7.    Upon the filing of this verified complaint, the plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the seized personal property in the custody of the United States Marshal Service, pursuant to Supplemental Rule G(3)(c).

## BASIS FOR FORFEITURE

8.    The defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it was purchased with cash that constitutes proceeds of the illegal sale of controlled substances.

## FACTS

9.    The facts giving rise to the forfeitability of the defendant vehicle are as follows:

    a.    In August 2017, the Drug Enforcement Administration (DEA) in Charleston, West Virginia, in conjunction with the Kanawha County Sheriff's Office, received information regarding the drug activities of Leonard Roberts II, who was selling pound quantities

of methamphetamine in the Charleston metro area.

      b.    In August 2017, DEA initiated an investigation of the Leonard Roberts II drug trafficking organization (DTO). The investigation discovered that Leonard Roberts II and members of his DTO were wiring money to people in California and receiving shipments of methamphetamine in UPS packages delivered to Charleston, West Virginia. The investigation identified Leonard Roberts II as being the subject of several narcotics investigations dating back to August 2016.

      c.    On August 8, 2016, Leonard Roberts II purchased the defendant property for $6,000, which he paid in cash banded together with multi-colored rubber bands, consistent with other amounts of cash seized from Leonard Roberts II during the course of the drug investigation.

      d.    When Leonard Roberts II purchased the vehicle, he had no gainful employment and the source of his income was the distribution of controlled substances, including methamphetamine.

      e.    Janice Roberts told the police that her father, Leonard S. Roberts II, had been selling drugs since his arrival in West Virginia in 2015. Ms. Roberts further stated that Leonard Roberts II had purchased the defendant property with drug proceeds.

f.   On January 17, 2018, a federal grand jury sitting in the Southern District of West Virginia at Charleston returned a seven-count indictment against Leonard Roberts II, and five other defendants charging conspiracy to distribute 500 grams or more of methamphetamine and other controlled substance violations. <u>United States v. Leonard Roberts II, et al.</u>, Criminal No. 2:18-cr-00004, ECF No. 1.

g.   After his arrest, Leonard Roberts II admitted his involvement in the distribution of methamphetamine and confirmed that he did not have a job in August 2016. Leonard Roberts II entered into a plea agreement, admitting that he conspired to distribute methamphetamine between April and October 2017, and is presently scheduled to appear for a guilty plea hearing on April 11, 2018. <u>United States v. Leonard Roberts II, et al.</u>, ECF No. 95.

h.   For the foregoing reasons, the defendant vehicle is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6), because it was purchased with cash that constitutes proceeds of the illegal sale of controlled substances, specifically methamphetamine, a Schedule II controlled substance.

WHEREFORE, the United States prays that process of warrant <u>in rem</u> issue for the arrest of the defendant vehicle; that due notice be given to all parties to appear and show cause why the forfeiture

should not be decreed; that judgment be entered declaring the defendant vehicle be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By:   s/Eric P. Bacaj
      ERIC P. BACAJ
      Assistant United States Attorney
      WV State Bar No. 12702
      300 Virginia Street, East
      Room 4000
      Charleston, WV  25301
      Telephone:  304-345-2200
      Fax:  304-347-5104
      E-mail: eric.bacaj@usdoj.gov

## **VERIFICATION**

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

I, Brian I. Roscoe, Drug Enforcement Administration, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I have gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on April 2, 2018.

_____
BRIAN I. ROSCOE

Taken, subscribed and sworn to before me this 2nd day of April, 2018.

_____
Notary Public

My commission expires on _July 31, 2020_____.



NOTARY PUBLIC OFFICIAL SEAL
PAMELA SUE HUDSON
State of West Virginia
My Commission Expires July 31, 2020
205 SUMMIT DRIVE  SCOTT DEPOT, WV 25560

7



JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

One 2005 Cadillac Escalade Sports Utility Vehicle

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Kanawha
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Eric P. Bacaj, Assistant U. S. Attorney
P.O. Box 1713, Charleston, WV 25326 (304)345.2200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    04/02/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____